Harry Frischer
Elizabeth A. Figueira
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
hfrischer@proskauer.com
212.969.3000
*Attorneys for Plaintiffs Bank of America Corporation
and Banc of America Securities LLC*



10 CIV 7681

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

BANC OF AMERICA SECURITIES LLC, and
BANK OF AMERICA CORPORATION

                    Plaintiffs,

  -against-

RAO V. CHALASANI,

                    Defendant.

Civil Action No. _____

**COMPLAINT**

      Plaintiff Bank of America Corporation and Banc of America Securities LLC, (collectively, "Bank of America"), by its undersigned attorneys, alleges as follows for their Complaint against Defendant Rao V. Chalasani:

### INTRODUCTION

1.    This is an action for injunctive relief and damages arising out of Defendant Rao V. Chalasani's illegal, unauthorized and otherwise wrongful misappropriation of confidential and proprietary information belonging to Bank of America's computer databases. Although Bank of America's investigation is continuing, it appears that Defendant stole key documents from the company with the intent of causing harm to Bank of America's business and reputation.

2. In this action, Bank of America seeks temporary, preliminary and permanent injunctive relief:

　　a. Ordering Defendant to immediately return all copies of Bank of America's electronic files and all paper copies in his possession;

　　b. Ordering the permanent removal, deletion and destruction of all copies of Bank of America's electronic files or information transmitted to Defendant's computers or personal email accounts or otherwise in Defendant's possession, subject to the supervision of Bank of America so as to preserve evidence of all such files or information; and

　　c. Enjoining Defendant from using, copying or disclosing any information relating to Bank of America that is not generally known by persons outside the company, and that could not easily be learned or determined by someone outside the company, including, without limitation, information contained in Bank of America's electronic files that Defendant transmitted his computers or personal email accounts or that is otherwise in his possession.

3. Bank of America also seeks an appropriate award of damages.

## PARTIES

4. Plaintiff Banc of America Securities LLC ("BAS") is a Delaware corporation and maintains its principal places of business at One Bryant Park, New York, New York 10036. BAS is an indirect subsidiary of Bank of America Corporation.

5. Plaintiff Bank of America Corporation ("BAC") is a Delaware corporation that maintains its principal place of business at 100 North Tryon Street, Charlotte, North Carolina 28202. For the purposes of this Complaint, Banc of America Securities LLC and Bank of America Corporation are referred to collectively as "Bank of America."

6. Upon information and belief, Defendant Rao V. Chalasani is a resident of the State of New Jersey, residing at 44 Cayuga Way, Short Hills, New Jersey 07078.

## JURISDICTION AND VENUE

7.     Jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. §1332. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs. Venue is proper in this judicial district, inter alia, as the conduct complained of herein took place in this judicial district.

## FACTS COMMON TO ALL COUNTS

Bank of America's Business

8.     BAS is registered as a broker-dealer and investment advisor with the Securities and Exchange Commission and is a member of the Financial Industry Regulatory Authority ("FINRA") and various exchanges. BAS is a primary dealer in U.S. Government securities and underwrites and deals in U.S. Government agency obligations, corporate debt securities, state securities, mortgage and other asset backed securities, money market instruments and other financial instruments.

9.     BAS also offers various investment banking and financial advisory services in connection with public offerings, mergers and acquisitions, restructurings, private placements, loan syndicates, loan trading derivative product arrangements, project financings, and futures and options on futures. BAS provides these services to corporate clients, institutional investors and individuals.

10.    Bank of America's Global Markets group engages in the sales and trading of securities in market centers around the world.

Bank of America's Information Policies

11.    Bank of America has advised its employees of the need to keep non-public

business information about Bank of America "confidential and secure," stating as follows in the Bank of America Corporation Code of Ethics:

> You must keep the following information confidential and secure:
>
> **Bank of America Information** – You must keep confidential and secure any nonpublic information about Bank of America. Such information you have about Bank of America activities and plans should only be shared within the corporation with other associates who "need to know" the information to perform their duties. Consult with your manager if you have questions about sharing information about Bank of America on a need to know basis.

12. Bank of America's Associate Handbook ("Handbook"), which contains policies applicable to company employees, also addresses the need to secure Bank of America's information. Chapter 2, Section XII, entitled Information Protection and Business Continuity Policy, provides, in part, that employees must:

>   a. Complete information protection and privacy compliance training annually to ensure proper handling and protection of Bank of America information and information systems.
>
>   b. Protect and secure Bank of America confidential information at all times.
>
>   c. Handle Bank of America information in accordance with its security classifications.

13. Chapter 2, Section XIII, entitled Electronic Communications of the Handbook likewise provides in pertinent part, that part, that following activities "may result in disciplinary action up to and including termination:"

>   a. Sending, posting, transmitting or storing Bank proprietary or Bank Confidential information (e.g. non-public information) without an appropriate level of encryption or other approved security measures.
>
>   b. Downloading or transmitting Bank of America confidential data to

a personal web page or any other non bank issued device or media.

14.     Bank of America also has password-protected its computer and database systems and regularly reviews emails that contain unusually large attachments that are sent by company employees to email addresses outside the company.

Defendant's Employment With Bank of America

15.     Prior to September 22, 2010, Defendant was employed by BAS as a computer programmer in Bank of America's Global Markets Portfolio Management Group ("Group"), working from BAS' New York headquarters.

16.     The purpose of the Group is to assist the company to manage the Global Markets trading business, including managing the risks associated with Bank of America's various trading activities around the world and strategic planning. In accordance with its mission, the group has access to highly sensitive information regarding the risks associated with Bank of America's different business activities, the revenues and expenses associated with various business activities and other confidential information. Defendant's computer programs summarized pertinent data, and presented the information in a format where it could be readily reviewed by senior managers.

17.     On September 21, 2010, Bank of America announced to its employees that as part of a "reduction in force", based on business needs, current demand and work flows, it was eliminating approximately 400 positions. The next day, September 22, 2010, Defendant was advised that his position was included among the positions that were eliminated and that his last day of employment would be Friday, October 8, 2010. Defendant also was advised that he was being considered for another position within a different department at Bank of America, although

it was not certain whether he would be offered that position.

<u>Bank of America Discovers Defendant's Surreptitious
Email Transmitting Highly Confidential Files</u>

18. As part of its ongoing efforts to maintain the confidentiality of its information, Bank of America regularly reviews emails containing unusually large attachments that are sent by company employees to email addresses outside the company. On September 30, 2010, as part of that surveillance, Bank of America analysts discovered that on 9:32 PM on September 20, 2010 – the evening before the reduction-in-force was announced, and two days day before Defendant was advised that his position was eliminated – Defendant sent an email from the from his company email address to an email address at RVC607@yahoo.com, containing 21 large files.

19. Upon information and belief, RVC607@yahoo.com is Defendant's personal email address.

20. Upon information and belief, the initials RVC in the beginning of the email address stand for Rao V. Chalasani.

21. The file names of the 21 attachments that were sent from Bank of America's company email account are:

- ABS_CMBS_Mortgage_Index_Trading.xls
- AMR Equity Risk Summary.xls
- Consolidated AMRS Rates.xls
- Consolidated_Balance_Sheet.xls
- Consolidated_FirmPnL.xls
- Daily Issuer Risk.xls
- EMEA Commodities Risk.pdf
- Equity_Issuer_Concentrations.xls
- European Equity Risk Summary.xls
- European_Sovereign_Issuer_Exposure.xls
- Global Commodities Risk Summary.xls
- Global Equity Summary.xls
- Global_Credit_Summary.xls

- Global_Weekly_Risk_Summary.pdf
- Monthly RWA Report.xls
- RDM Market Risk Summary.xls
- RDM_Stress_Scenarios.pdf
- RMBS_Trading.xls
- [Employee Name]_Weekly09172010.pdf[1]
- US_Correlation_Desk.xls
- Weekly_Country_Risk.pdf

22.  The subject line of Defendant's email transmitting the 21 attachments was "new home info."

The Attachments Are All Highly Confidential
Trade Secrets of Bank of America

23.  The files attached to Defendant's email all contain confidential and proprietary, non public information concerning Bank of America, including profit and loss figures for different lines of its businesses throughout the world, confidential information concerning Bank of America's current trading positions in numerous securities, and the company's assessment of risk. Many of these attachments are the types of highly confidential files from which the computer programs written by Chalasani extracted data.

24.  The disclosure of this material, confidential non-public information and trade secrets will cause irreparable harm to Bank of America's business and provide its competitors considerable unfair advantage in the marketplace.

25.  The value of the files taken by Chalasani, and the information contained therein, is substantially in excess of $75,000.

---

[1] The name of this file includes the name of the Bank of America employee for whom the file was created, and it is not necessary to state that name here.

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS

26. The allegations of Paragraphs 1 through 25 are incorporated herein by reference with the same force and effect as if set forth in full below.

27. The information relating to Bank of America's business included in files attached to Chalasani's email are entitled to trade secret protection under the laws of New York.

28. This information derives independent economic value by not being accessible, through proper means, to competitors who can profit from its use or disclosure.

29. Bank of America takes reasonable measures under the circumstances to maintain the secrecy of this information.

30. Defendant had no legitimate purpose in sending himself these confidential files in violation of Bank of America's Code of Ethics. He has no right to retain those files and no right to disclose the contents of those files to anyone else.

31. The foregoing conduct of the Defendant, upon information and belief, constitutes a misappropriation of Bank of America's trade secret information.

32. As a consequence of the foregoing, Bank of America has suffered and will continue to suffer irreparable harm and loss.

33. Bank of America has no adequate remedy at law.

## COUNT II
## BREACH OF THE DUTY OF LOYALTY AND BREACH OF FIDUCIARY DUTY

34. The allegations of Paragraphs 1 through 33 are incorporated herein by reference with the same force and effect as if set forth in full below.

35. Upon information and belief, the Defendant has violated his duty of loyalty and

fiduciary duty to Bank of America including, without limitation, by violating Bank of America's Code or Ethics and trade secret obligations to Bank of America as outlined in the Handbook.

36.   As a consequence of the foregoing, Bank of America has suffered and will continue to suffer irreparable harm and loss.

37.   Bank of America has no adequate remedy at law.

## COUNT III
## CONVERSION

38.   The allegations of Paragraphs 1 through 37 are incorporated herein by reference with the same force and effect as if set forth in full below.

39.   The information contained in the September 20, 2010 email from Defendant's company work email to his personal email belongs to Bank of America.

40.   By transmitting the email, Defendant has retained a copy of Bank of America's property.

41.   Defendant has no legitimate purpose in sending himself these confidential files in violation of Bank of America's Code of Ethics.

42.   Defendant has no right to retain those files.

43.   As a consequence of the foregoing, Bank of America has suffered and will continue to suffer irreparable harm and loss.

44.   Bank of America has no adequate remedy at law.

WHEREFORE, Bank of America demands judgment against Defendant as follows:

    a.   Awarding plaintiffs a temporary restraining order, Preliminary Injunction Order and Permanent Injunction providing as follows:

        (i) Ordering Defendant to immediately return all copies of Bank of

America's electronic files and all paper copies in his possession;

(ii) Ordering the permanent removal, deletion and destruction of all copies of Bank of America's electronic files or information transmitted to Defendant's computers or personal email accounts or otherwise in Defendant's possession, subject to the supervision of Bank of America so as to preserve evidence of all such files or information;

(iii) Enjoining Defendant from using, copying or disclosing any information relating to Bank of America that is not generally known by persons outside the company, and that could not easily be learned or determined by someone outside the company, including, without limitation, information contained in Bank of America's electronic files that Defendant transmitted his computers or personal email accounts or that is otherwise in his possession; and

(iv) Ordering such other injunctive acts as this Court deems appropriate.

b.     Awarding plaintiffs compensatory damages in an amount to be determined at trial;

c.     Awarding plaintiffs punitive damages in an amount to be determined at trial;

d.     Awarding plaintiffs attorneys' fees and costs; and

    e.    Awarding plaintiffs such other relief as the Court deems appropriate.

Dated: October 7, 2010

    Respectfully Submitted,

    PROSKAUER ROSE LLP

    By: _____
    Harry Frischer, Esq.

PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
hfrischer@proskauer.com
212-969-3000
*Attorneys for Plaintiffs Bank of America Corporation and Banc of America Securities LLC*